# EXHIBIT "1"

-

Filed: 12/11/2020 1:35 PM
Lisa David, District Clerk
Williamson County, Texas
Tammy Clinton

20-1937-C26

CAUSE NO. _____

| | | |
|---|---|---|
| GREAT AMERICAN HOSPITALITY, LLC. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | Williamson County - 26th Judicial District Court |
| VS. | § | __ JUDICIAL DISTRICT |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY D/B/A CHUBB | § | |
| D/B/A CHUBB NORTH AMERICAN | § | |
| CLAIMS, BASS UNDERWRITERS INC., | § | |
| AURA INSURANCE SERVICES, INC., | § | WILLIAMSON COUNTY, TEXAS |
| AND TOSHA DAVDA PATEL | § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GREAT AMERICAN HOSPITALITY, LLC ("Plaintiff"), complaining of WESTCHESTER SURPLUS LINES INSURANCE COMPANY D/B/A CHUBB D/B/A CHUBB NORTH AMERICAN CLAIMS ("Insurer"), BASS UNDERWRITERS INC., AURA INSURANCE SERVICES, INC., and TOSHA DAVDA PATEL (collectively, "Agent/Underwriter") (all Defendants are collectively, "Defendants"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN & RELIEF SOUGHT

Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000 and demands judgment for all the other relief to which it deems itself entitled. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

Envelope# 48875629

## II. PARTIES

Plaintiff, GREAT AMERICAN HOSPITALITY, LLC, is a business located in Williamson County, Texas.

Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY D/B/A CHUBB D/B/A CHUBB NORTH AMERICAN CLAIMS, is a company engaged in the business of insurance in this state. It may be served with process by serving its appointed agent, Mr. Paul Bech, Esq., by certified mail, return receipt requested, at 436 Walnut Street, Philadelphia, PA 19106-3703. **Plaintiff requests service at this time.**

Defendant, BASS UNDERWRITERS INC., is a corporation which is a licensed surplus lines agency engaged in the business of insurance in this state. It may be served with process by serving its registered agent, Thomas Skora, by certified mail, return receipt requested, at 2203 Timberloch Place, Suite 230, Spring, Texas 77380-11488. **Plaintiff requests service at this time.**

Defendant, AURA INSURANCE SERVICES, INC., is a corporation which is engaged in the business of insurance in this state. It may be served with process by serving its registered agent, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan St., Suite 900, Dallas, Texas 75201. **Plaintiff requests service at this time.**

Defendant, TOSHA DAVDA PATEL, is a natural person and resident in this state. She may be served with process by serving, TOSHA DAVDA PATEL, by certified mail, return receipt requested, at 2308 Cades Spirit Bend, Unit 11, Bee Cave, Texas 78738-5581. **Plaintiff requests service at this time.**

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives. Moreover, Insurer is vicarious liable for the acts and/or omissions of Agent/Underwriter and vise versa.

### IV. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47 regarding Claims for Relief, the Plaintiff seeks monetary relief in an aggregate amount over $200,000, but not more than $1,000,000.

Venue is proper in Williamson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Williamson County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

A.     Plaintiff is the owner of a Texas Commercial Surplus Lines Policy No. FSF14899856 002, issued by Insurer (the "Policy"). The Policy provides a coverage period beginning on March 3rd, 2020 and ending on March 3rd, 2021. The Policy provides coverage for damage caused by covered perils including hail damage, wind damage, and water intrusion damage as a result of storm-created openings or separations.

Plaintiff's Original Petition

B.   Plaintiff owns the insured property, which is specifically located at 209 N. IH-35, Georgetown, Texas 78628 (the "Property"), legally described as Gabriel Heights, Block 7, Lot 3 in Williamson County property records. The Property is 31,780 square foot commercial building space and motel. The Property is comprised of a one-story main building with right and left wings, a two-story rear second building, open porches, pool, fencing, outdoor signage, storage buildings, and paved parking lot.

C.   Prior to the storm, Defendants and their agents sold an insurance policy insuring the Property issued by Westchester Surplus Lines Insurance Company to Plaintiff. The Policy was represented by Defendants to provide coverage to the Property for the time period of March 3rd, 2020 to March 3rd, 2021.

D.   Defendants have provided coverage to Plaintiff for years and Plaintiff had no reason to doubt that its Property was insured through the month of May 2020, as the Defendants represented.

E.   At the time of issuance, Defendants represented to Plaintiff that the Policy provided coverage to pay the full value of any loss and damage to the Property caused by covered perils, which includes hail and wind among other types of covered perils. Plaintiff relied on such representations to purchase the Policy, continue to pay premiums to keep the Policy in effect, and to submit an insurance claim for loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion. However, Plaintiff relied on such representations to its detriment because Insurer ultimately refused to pay the full value of loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion.

F.   Plaintiff paid all premiums for the entire coverage period under the Policy to Defendants up front, as required by the Defendants.

Plaintiff's Original Petition

G.     The Policy sold to Plaintiff included a provision penalizing Plaintiff in the event that Plaintiff cancels Policy before June 3rd, 2020.

H.     On May 13th, 2020, Plaintiff notified Defendants of his intent to cancel the Policy on June 3rd, 2020. Defendants confirmed that the Policy would be canceled effective June 3rd, 2020 and represented this fact to Plaintiff. Ultimately, these representations proved to be false.

I.     On or about May 28th, 2020, Plaintiff experienced storms that damaged the Property. In their track, the storms left behind widespread damage to the Property, Plaintiff's business. Plaintiff immediately submitted a claim for the loss. Insurer assigned adjusters to adjust the claim. Insurer assigned claim number KY20K2451064 to Plaintiff's claim for the May 2020 storm.

J.     Insurer, by and through its agents, recognized that the Property had sustained substantial covered damages as a result of the May 2020 storm; however, Insurer refused to provide payment for the covered damages, alleging instead that Plaintiff's policy was canceled "retroactively" on May 13, 2020, roughly two weeks prior to the May 2020 storm.

K.     Defendants failed to give any notice of Policy cancellation to Plaintiff or Plaintiff's mortgagors or refund any Policy premiums before the date Plaintiff suffered covered losses.

L.     After the claim was reported, Insurer conducted a substandard investigation and did not allow for all of the necessary repairs to the Property and failed to account for all of the covered damage. Together, Insurer and its adjusters set out to underpay or deny covered damages. Insurer failed to thoroughly review and oversee the work of its assigned adjusters, ultimately approving an improper adjustment and/or an unfair denial of the Claim. As a result, Insurer improperly denied full coverage and payment for the damages and stated there was $0.00 owed on the Claim.

Plaintiff's Original Petition

M.    As a result of the unreasonable investigation of the Claim, including not providing full coverage for the damages sustained by Plaintiff, the Claim was improperly adjusted. The mishandling of the Claim has also caused a delay in affecting necessary repairs the Property, which will likely result or has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which Plaintiff is entitled under the Policy, including payment owed on the Claim and insurance premiums due to Plaintiff.

N.    By failing to properly maintain coverage and wrongfully representing to Plaintiff that full coverage was in place and by failing to pay Plaintiff's claim, Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

O.    Defendant Insurer failed to fairly evaluate and adjust Plaintiff's claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Insurer engaged in unfair insurance and settlement practices prohibited under Texas law.

P.    Defendant Insurer failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Insurer failed and refused to properly pay proceeds of the Policy, although due demands were made for proceeds to be paid in amounts sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Insurer's conduct constitutes a breach of the insurance contract.

Q.    Insurer misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damages were caused by covered perils. Agent and Agency misrepresented to Plaintiff that the damage to the Property was covered under the policy.

Therefore, Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

R.     Defendant Insurer's repair/replace estimates under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the full amounts of loss to the Plaintiff. Insurer's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

S.     Defendant Insurer failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Insurer's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

T.     Defendant Insurer failed to explain to Plaintiff why full payments were not being made. Furthermore, Insurer did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Insurer provide any explanation for the failure to adequately settle Plaintiff's claim. Insurer's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

U.     Defendant Insurer failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Insurer. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

V.     Defendant Insurer refused to fully compensate Plaintiff, under the terms of the Policy, even though Insurer failed to conduct a reasonable investigation of the claim. Specifically, Insurer

performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Insurer's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

W.     Insurer failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines. Insurer's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

X.     Insurer failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadlines of receiving all necessary information. Insurer's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

Y.     Insurer failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurer has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Insurer's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

Z.     From and after the time Plaintiff's claim was presented to Insurer, the liability of Insurer to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurer has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payments. Insurer's conduct constitutes a breach of the common law duty of good faith and fair dealing.

AA.   From and after the time Plaintiff's claim was presented to Agent and Agency, the liability of Defendants to make a claim on their errors and omissions policy and pay Plaintiff's full claim in accordance with the terms of that policy was reasonably clear.  However, Defendants have refused to submit a claim or pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to refuse to file the claim or deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

BB.   As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.  To date, Defendants have failed to and refuses to pay Plaintiff for the proper repair or replacement of the Property.

CC.   Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Insurer has the duty to investigate and pay Plaintiff's policy benefits for claim made for covered damages, including

additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's business has been damaged.

Insurer's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Insurer's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures, and conduct that are described in this petition violate Sections 541 and 542 of the Texas Insurance Code. Defendants have violated Section 541 of the Texas Insurance Code by making or causing to be made statements misrepresenting the terms, benefits, or advantages of the policy made. *See* Tex. Ins. Code § 541.051. Insurer has violated Section 542 by failing to timely acknowledge receipt of Plaintiff's claim, investigate Plaintiff's claim, or request from Plaintiff all items, statements, and forms that it reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.055.  Insurer has also violated Section 542 by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.056. Insurer has further violated Section 542 by failing to pay the full value of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code §§ 542.057–.058. Additionally, if it is determined Insurer owes Plaintiff any additional monies on Plaintiff's claim, then Insurer will have automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

## C. DTPA Cause of Action

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46(b)(1), (2), (5), (7), (9), (12), (14) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation:

A.    Defendants' failure to maintain insurance coverage for Plaintiff's Property for the date of loss and misrepresenting that insurance coverage was in effect. This gives Plaintiff the right to recover under Section 17.46(b)(1) and (14) of the DTPA;

B.    As described in this petition, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair or replacement of covered damages to Plaintiff's business on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

C.    Defendants failed to disclose information concerning Insurer's insurance policy which was known at the time of the policy' purchase by the Plaintiff, and Defendants' failure to disclose such information was intended to induce the

consumer into the transaction, which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

D.     Defendants represented to Plaintiff that Insurer's insurance policy and Insurer's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

E.     Defendants' represented to Plaintiff that Insurer's insurance policy and Insurer's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

F.     Defendants represented to Plaintiff that Insurer's insurance policy and Insurer's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(9) and (12) of the DTPA;

G.     Defendants misrepresented the authority of a their representatives or agents to negotiate the final terms of a consumer transaction, which gives Plaintiff the right to recover under Section 17.46(14) of the DTPA;

G.     Insurer has breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46(b) (12), and 17.50(a)(2) of the DTPA;

H.     Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly

Plaintiff's Original Petition

unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

I.     Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## D.  Cause of Action for Unfair Insurance Practices

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Insurer's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Insurer's failure to pay for the proper repair or replacement of covered damages to Plaintiff's business on which liability had become reasonably clear. They further include Insurer's failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

Plaintiff's Original Petition                                                                                    13 of 18

B.     Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060, *see* Tex. Ins. Code § 542.003(a). *see* Tex. Ins. Code § 542.003(b)(1)-(4);

C.     Making or causing to be made statements misrepresenting the terms of the policy and the benefits or advantages promised in Insurer's policy, *see* Tex. Ins. Code § 541.051(1);

D.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(1), *see* Tex. Ins. Code § 541.060(a)(2);

E.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

F.     Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7);

G.     Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3);

H.     Making a misrepresentation to insured Plaintiff that tends to induce the policyholder to allow an existing policy to lapse or forfeit or surrender the policy, *see* Tex. Ins. Code § 541.051(5);

I.      Misrepresenting an insurance policy by making an untrue statement of material fact, and failing to state a material fact necessary to make other statements made not misleading under the circumstances in which they were made, and making a statement in statement in a manner that would lead a reasonably prudent person to a false conclusion of a material fact, and making a material misstatement of law,

Plaintiff's Original Petition                                                      14 of 18

and failing to disclose a matter required by law to be disclosed, including failing to make a disclosure required by law, *see* Tex. Ins. Code § 541.061(1)-(5).

Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

## E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Insurer knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## F. Cause of Action for Negligence

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein. Defendants were negligent, as set forth above, by their failure to afford coverage to Plaintiff's Property through June 3rd, 2020 despite assuring Plaintiff that coverage had been

maintained. As a result of Defendants' negligence, Defendants refused to provide coverage to Plaintiff and represented that Plaintiff's Property was uninsured on the date of loss. This negligence has been a proximate cause of Plaintiff's damages as set forth below.

## VIII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX.  DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair or replace the damages to Plaintiff's business and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Insurer's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus a percentage of per annum penalty on that claim against Defendant Insurer as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief more than $200,000, but not more than $1,000,000.

## X.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

Plaintiff's Original Petition

## XI.  EXEMPLARY DAMAGES

Defendants' breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendants are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for its wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

Plaintiff's Original Petition

## XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**WILL ALLAN LAW FIRM, PLLC**
13526 George Rd., Suite 200
San Antonio, Texas 78230
Telephone: (210) 742-9455
Telecopier: (210) 742-4742
serveall@willallanlaw.com

By: _____

William N. Allan, IV
State Bar No. 24012204
**ATTORNEYS FOR PLAINTIFFS**

Plaintiff's Original Petition